IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENRY GUTIERREZ-ANDRADE,**

    Petitioner,

v.                                                                              Civil Action No. 1:17cv201
                                                                            (Judge Kleeh)

**JOE COAKLEY, Warden, USP Hazelton,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On November 27, 2017, the *pro se* petitioner, Henry Gutierrez-Andrade ("Gutierrez-Andrade"), an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his convictions and sentence imposed by the United States District Court for the Southern District of Texas. ECF No. 1. With his petition, Gutierrez-Andrade filed a motion to proceed as a pauper with supporting documents. ECF Nos. 2, 3. By Order entered February 12, 2018, Petitioner was granted permission to proceed as a pauper and directed to pay the five-dollar filing fee. ECF No. 7. On April 2, 2018, a Show Cause Order was entered. ECF No. 9. By Order entered April 24, 2018, the case was dismissed for failure to prosecute. ECF No. 11. On April 26, 2018, Petitioner filed a motion with the Court, detailing difficulties in getting the filing fee withdrawn from his account. ECF No. 13. By Order entered January 3, 2019, the dismissal Order was vacated, the case was reopened, and it was transferred from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 15. By Order entered January 4, 2019, the Warden was directed to

---

[1] Petitioner is presently incarcerated at FCI Ray Brook, in Ray Brook, New York.

respond to Petitioner's allegations regarding the Trust Fund Officer's failure to withdraw the filing fee from Petitioner's account and forward the same to the Court. ECF No. 16. On January 18, 2019, the Warden responded. ECF No. 20. On February 13, 2019, the filing fee was paid. ECF No. 25.  By Order entered February 28, 2019, Plaintiff's motion regarding the obstacles encountered in getting his filing fee withdrawn from his account was denied as moot. ECF No. 26.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II.  Background[2]

On April 15, 2004, a federal grand jury in the Southern District of Texas returned a four-count indictment against Gutierrez-Andrade and six others, charging them with conspiracy and assorted offenses stemming from an alien smuggling venture in which several foreign nationals were held against their will for ransom. That indictment charged the defendants with conspiracy to conceal, harbor, shield, and transport illegal aliens within the United States for commercial advantage and private financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)–(B) (Counts One, Two, and Three). The indictment further charged the defendants with conspiracy to commit hostage taking by seizing, detaining, and threatening the illegal aliens in order to compel others to pay a sum of money — *i.e.*, a ransom — as an explicit and implicit condition for their release in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (Count Four). On September 2, 2004, the grand jury returned a superseding indictment against Gutierrez-Andrade and his co-defendants, adding

---

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket in the United States District Court for the Southern District of Texas, available on PACER and all ECF Numbers are from that case. See United States v. Guardado-Mezen, *et al*., 4:04cr150-4. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

charges of aiding and abetting a hostage taking for ransom in violation of 18 U.S.C. § 1203(a) and 18 U.S.C. § 2 (Count Five).

On October 28, 2004, after a nine-day jury trial, Gutierrez-Andrade and his co-defendants were found guilty as charged on all five counts of the superseding indictment. The jury subsequently returned a supplemental verdict as to Counts One, Two, and Three, finding beyond a reasonable doubt that the offense involved between six and twenty-four aliens and that a firearm was brandished or otherwise used and possessed during the offense. As to Counts Four and Five, the jury found beyond a reasonable doubt that offense involved a demand for ransom and the use of a dangerous weapon in connection with the crime of hostage taking.[3]

At a February 28, 2005 sentencing hearing, Gutierrez-Andrade was sentenced to 120 months imprisonment on Counts One-S, Two-S, and Three-S, 292 months on Counts Four-S and Five-S, all counts to run concurrent for a total of 292 months custody, and three years' supervised release on Counts One-S, Two-S, and Three-S, and five years' supervised release on Counts Four-S and Five-S, all counts to run concurrent for a total of five years supervised release. ECF No. 239.

On February 28, 2005, Petitioner and his five co-defendants filed a joint notice of appeal, appealing their convictions and sentences. ECF No. 242. On appeal, the appellants raised ground of various sufficiency of the evidence, and some of them appealed on additional grounds ranging from challenges to sentencing, improper denials of motions to suppress, and improper *voir dire* and jury instructions; Gutierrez-Andrade specifically challenged the sufficiency of the evidence in support of his conviction and the sentencing court's decision to deny his pre-trial motion to suppress. On September 20, 2006, the Fifth Circuit Court of Appeals affirmed the

---

[3] This summary of Petitioner's underlying criminal proceedings was taken from Petitioner's criminal docket and the October 16, 2018 Memorandum and Order denying his § 2255 motion to vacate. See S.D. Tex. Case No. 4:04cr150-4, ECF No. 467.

convictions, modified one appellant's sentence on Counts Two and Three, and otherwise affirmed the appellants' sentences. ECF No. 388. Petitioner did not seek a petition for writ of *certiorari* with the United States Supreme Court.

On December 19, 2007, Petitioner filed a Motion under 28 U.S.C. § 2255, arguing that there was no probable cause for the stop, search and seizure and that he was denied effective assistance of counsel in connection with his trial and sentencing because counsel failed to file a motion to suppress and failed to investigate or prepare for trial. He also claimed that his sentence was unconstitutional because there was insufficient evidence to show that he handled, brandished, or otherwise carried a weapon or demanded any ransom money. ECF No. 432.  On June 2, 2008, the Government filed its response in opposition and a motion to dismiss. ECF No. 458. On July 7, 2008, Petitioner filed a notice of appeal.  ECF No. 461. By Order entered on October 7, 2008 in the Fifth Circuit Court of Appeals, Petitioner's appeal of his § 2255 motion was denied for lack of jurisdiction because the district court had yet to enter an order or judgment from which an appeal could be taken. ECF No. 471. By Memorandum and Order entered in the sentencing court on October 16, 2008, Petitioner's motion to vacate with denied and dismissed with prejudice; a certificate of appealability was denied. ECF No. 467.

On October 23, 2015, Petitioner filed a motion for relief from his conviction and sentence due to misapplication of law affecting his substantial rights, with a memorandum in support in the sentencing court. ECF Nos. 546, 547. In the motion, Gutierrez-Andrade argued that that his sentence was wrongfully enhanced in violation of his right to Due Process and that the Sentencing Guidelines were misapplied in his case when the court imposed three consecutive five-year sentences for his use or threatened use of a dangerous weapon during the offense. Id. The Government filed a response in opposition [ECF No. 549], and on December 7, 2015, by

Memorandum and Order, the district court dismissed the motion for lack of jurisdiction, finding that it constituted a second or successive motion under § 2255, for which Petitioner had not received authorization to file. ECF No. 550.

### III. The Petition

In his petition, Gutierrez-Andrade ostensibly raises four grounds which can be condensed into two, arguing (1) that his arrest and detainment were illegal, based on an illegal stop, search and seizure of personal property because there was "no dominion of constructive possession of any weapons, drugs, no hostages or illegal aliens;" the arrest was based on uncorroborated allegations; and that he is "actually factually innocent." ECF No. 1 at 5. He further contends that a "non-existent dispatch call to police to cause [the] stop" was done without probable cause and that there was "selective prosecution of Hispanics." Id. He contends that (2) counsel was ineffective and non-adversarial [id.] in challenging the Government's case, specifically, for (a) not introducing the Sears[4] rule at trial to mitigate and suppress testimony of an informant-turned-agent; (b) for not challenging the sufficiency of the evidence; (c) for failing to suppress the evidence; (d) for not protecting his Fourth Amendment rights, because the indictment was defective and no probable cause hearing was conducted; (e) for failing to challenge the aiding/abetting charges; (f) for failing to examine the lack of evidence related to the illegal Terry[5] stop; (g) for not protecting Gutierrez-Andrade from cruel/unusual punishment related to the Government's illegal tactics associated with the stop/search/seizure; (h) failing to call alibi witnesses; (i) for having too many cumulative errors; and (j) for failing to adequately cross-examine a government informant. ECF No. 1-1 at 5 – 7.

---

[4] Sears v. United States, 343 F2d 139, 142 (5th Cir. 1965).

[5] Terry v. Ohio, 392 U.S. 1 (1968).

As relief, he requests that his sentence be vacated or corrected "in conjunction with allegations at low claims for relief [sic]." Id. at 8.

In response to the question as to why his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner explains that he has an "actual innocence claim that was not part of 2255 and can be reviewed pursuant to 28 U.S.C. [§] 2241." Id. at 9.

Attached to his petition is a document titled "Motion," that was ostensibly filed in the "United States District Court for the Western District of West Virginia [sic];" it is also titled as "Memorandum Brief in Support of Petition for Writ of Habeas Corpus Pursuant to Titile [sic] 28 U.S.C. §§ 2241(c)(3) and 2243 [ECF No. 1-1]; and an incomplete copy of the § 2255[6] he filed in the Southern District of Texas, along with its memorandum in support and a motion to amend. ECF No. 1-2.

### IV. Legal Standard

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. *Pro Se* Litigants

---

[6] The § 2255 petition is missing its page 5 (of the numbers at the bottom of the court's form).

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "[T]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[8] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  (1) The date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### V. Analysis

Here, although Gutierrez-Andrade asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. First, to the extent that Gutierrez-Andrade

9

is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted, violations of 8 U.S.C. §§ 1324(a)(1)(A)–(B), 18 U.S.C. § 1203(a), and 18 U.S.C. § 2 remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

Moreover, while Gutierrez-Andrade's petition denies that he has ever raised the claims in his petition previously [ECF No. 1 at 7], the record does not support this.  Gutierrez-Andrade has already raised the illegality of the stop/search/seizure claim in his § 2255 motion, and has raised some of his ineffective assistance of counsel ("IAC") claims there as well; some of the IAC claims he raises here are merely more specific elaborations of the more general IAC claims raised in his § 2255.  Moreover, while Gutierrez-Andrade includes an allegation here against counsel for failing to file a motion to suppress; one of the grounds he raised on appeal was a challenge to the sentencing court's decision to deny his pre-trial motion to suppress.

As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. See In re Vial, 115 F. 3d at 1194 n. 5.  Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition is present. 28 U.S.C. § 2255(e). See Wheeler, 886 F.3d at 425.  Thus, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Wheeler at 425, *quoting* Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). To the contrary, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Williams at 1339.

Here, Gutierrez-Andrade's challenge to the legality of his stop/search and seizure and his claims of ineffective assistance of counsel either already have been, or could and should have been raised on direct appeal or in his § 2255 motion and are now procedurally defaulted. Because he has either already raised some version of them on appeal or in his § 2255 motion, or has failed to raise some of them there, he is precluded by the savings clause from using § 2241 as a vehicle to do so here.

With respect to Gutierrez-Andrade's unclear challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Gutierrez-Andrade cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of his sentence has not been deemed to apply retroactively to cases on collateral review. Because Gutierrez-Andrade cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test. Because Gutierrez-Andrade attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy and he has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because Gutierrez cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections**, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 31, 2020

                                                        /s/ *Michael John Aloi*
                                                    MICHAEL JOHN ALOI
                                                    UNITED STATES MAGISTRATE JUDGE